IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL FIELDS, # K-52492, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1170-GPM-DGW |
| | ) |
| SGT. WITHOFF | ) |
| and MAJOR DURHAM, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motion to alter or amend judgment (Doc. 17), filed on February 22, 2013, and motion to voluntarily dismiss (Doc. 18), filed on March 12, 2013. Plaintiff is an inmate in Menard Correctional Center ("Menard").

**Motion to Alter or Amend Judgment – Doc. 17**

This motion challenges portions of the Memorandum and Order of February 8, 2013 (Doc. 13). That Order referred Plaintiff's retaliation claims against two Defendants to United States Magistrate Judge Wilkerson for further review, and severed his claims against Defendants Restoff and Defendant Roy into two separate actions (Case No. 13-cv-145-GPM and 13-cv-146-GPM). Plaintiff was given until March 15, 2013, to notify the Court if he did not wish to pursue either new action, so as to avoid the imposition of another filing fee for those cases. The Order also dismissed five other claims and ten Defendants.

In his motion, Plaintiff requests that the Court reinstate his claims against dismissed Defendants Maue and Phelp, and allow his severed claims against Defendants Restoff and Roy to proceed in this original action rather than as separate cases (Doc. 17, p. 5). He argues that all

of his claims are linked because they arose out of a "campaign of harassment" against him by Menard staff (Doc. 17, p. 2). Notably, this assertion was absent from Plaintiff's complaint.

By entitling his motion as one "to alter or amend judgment," Plaintiff indicates that he wishes to invoke Rule 59(e) of the Federal Rules of Civil Procedure.[1] Although no Judgment has yet been entered in the instant action, a Rule 59(e) motion is a proper way to challenge the Court's threshold order in this case, and Plaintiff's motion was filed within the 28-day deadline for filing such a motion. Rule 59(e) permits a court to amend a judgment or order only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Because Plaintiff asserts that the Court made a mistake of law as well as of fact in dismissing Defendants Maue and Phelp, and in severing the claims against Defendants Restoff and Roy, the Court construes the motion as having been brought pursuant to Rule 59(e). However, after due consideration, the Court concludes that Plaintiff is not entitled to relief.

Based on the allegations in the complaint, the undersigned Judge concluded that Plaintiff failed to state a claim against Defendant Maue for retaliation (designated as Count 4), because Plaintiff never engaged in any protected activity before Defendant Maue harassed him and filed a false disciplinary report against him (Doc. 13, p. 4-5). In the instant motion, Plaintiff asserts (as he did in the complaint) that he filed a grievance over the false disciplinary report, and

---

[1] A pro se motion for relief from judgment or order may also be analyzed under Rule 60(b), which permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. FED. R. CIV. P. 60(b). *See also Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Defendant Maue verbally threatened him the next day (Doc. 17, pp. 2-3). He also notes that Defendants Maue, Mott, Vasquez, and Restoff were all assigned to the same cellhouse at the time of these events. He then asserts that "[i]n light of Plaintiff's grievance the actions of defendant Maue was [sic] not excusable." (Doc. 17, p. 3).

None of these allegations or arguments alter the Court's conclusions about Defendant Maue's dismissal. Plaintiff's protected activity of filing a grievance over Defendant Maue's false disciplinary report happened *after* Defendant Maue filed the disciplinary charge. Plaintiff never alleged that he filed a grievance or engaged in any other protected action *before* the disciplinary charge was filed, therefore, the filing of the charge cannot constitute retaliation. Further, Defendant Maue's subsequent verbal harassment of Plaintiff does not constitute an adverse "action" that might deter future protected activity, *see Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009), and thus does not give rise to a constitutional retaliation claim. Plaintiff does not describe any further retaliatory *actions* on the part of Defendant Maue following Plaintiff's grievance against him. And, as explained in reference to Count 5 against Defendants Maue and Phelp, verbal harassment does not violate the Constitution. Accordingly, these Defendants and claims were properly dismissed.

As to Defendant Restoff, Plaintiff states that he worked in the same cellhouse with Defendants Maue, Mott, and Vasquez, all of whom have been dismissed from the action (Doc. 17, p. 3). He then asserts that there was a "causal connection" between Defendant Maue's "actions" and Defendant Restoff's action of denying Plaintiff sufficient food for six days while he was confined to his cell (Doc. 17, p. 3). He concludes that the claim against Defendant Restoff should continue in the present action as part of a "campaign of harassment" (Doc. 17, p. 5).

In his complaint, Plaintiff did not include either the comment that Defendants Restoff, Maue, Mott, and Vasquez worked in the same cellhouse, or the allegation that he was the target of a "campaign of harassment" or other concerted action by the various Menard staff members named as Defendants. A Rule 59(e) motion is not the proper vehicle to present factual allegations that could have been, but were not, included in the original pleading. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Even if these allegations had been included, they would not alter the Court's conclusion, based on a comprehensive review of the original complaint, that Plaintiff did not describe any connection between Defendant Restoff's purported misconduct and any other allegations against another Defendant. Nor does the claim against Defendant Restoff for denial of food share any common question of law or fact with Plaintiff's other remaining claims; it can be adjudicated without reference to them. Because of this, it was properly severed under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), even if the Court were to accept Plaintiff's theory that this claim arose out of a series of transactions that were part of a "campaign of harassment." *See* FED. R. CIV. P. 20(a)(2). The claim against Defendant Restoff shall proceed in the severed action (*Fields v. Restoff*, Case No. 13-cv-145-GPM) as previously ordered, unless Plaintiff chooses to voluntarily dismiss it.

For the same reason, the claim against Defendant Roy was properly severed into the case now entitled *Fields v. Roy*, Case No. 13-cv-146-GPM. Plaintiff's new allegation that Defendant Roy's denial of books was triggered by Plaintiff's continued pursuit of his grievance against other individuals does not change the Court's analysis. On March 12, 2013, Plaintiff filed his motion to voluntarily dismiss this claim against Defendant Roy (filed as Doc. 18 in the instant case). That motion shall be granted in Case No. 13-cv-146-GPM (where it was filed as Doc. 6).

Plaintiff further argues that the change of his classification from medium to high security

was an act of retaliation for his pursuit of grievances (Doc. 17, p. 4). He implies that this action was connected to Defendant Phelp's comment that "Menard can make your life a living hell." However, Plaintiff never identifies any prison official who allegedly made the decision to change his classification, either in the original complaint or in the instant motion. Furthermore, he did not include the reclassification incident in his retaliation claim or connect it to any of his claims for relief against any Defendant in the original complaint (Doc. 1, pp. 15-18). Accordingly, there is no basis for the Court to alter its conclusion that the complaint failed to state any constitutional claim arising from the reclassification.

Finally, Plaintiff's request that Defendant Spiller be removed as a party (Doc. 17, pp. 4-5) is moot. After directing the Clerk to add her as a party, the Court dismissed her from the action without prejudice (Doc. 13, p. 12).

To summarize, Plaintiff has not shown any mistake of law or fact, or presented any newly discovered evidence, that would entitle him to an amended order reinstating Defendants Maue and Phelp under Rule 59(e). Nor has he convinced the Court that its decision to sever the claims against Defendants Restoff and Roy was erroneous. In addition, he has not stated any grounds for relief within the scope of Rule 60(b).

Upon review of the record, the Court remains persuaded that its ruling dismissing Defendants Maue and Phelp, and severing Counts 2 and 3 of the complaint pursuant to 28 U.S.C. § 1915A was correct. Therefore, the motion to alter or amend the threshold Order (Doc. 17) is **DENIED**.

### Motion to Voluntarily Dismiss – Doc. 18

In addition to notifying the Court of his desire to dismiss the severed claim against Defendant Roy in Case No. 13-cv-146-GPM, Plaintiff states in this motion that he does not wish

to pursue his claim against Defendants Neipert and Spiller. That claim was designated as Count 8 in the threshold Order, and Plaintiff was ordered to submit an amended complaint if he wished to further pursue that matter (Doc. 13, pp. 13-14). Voluntary withdrawal of this claim is Plaintiff's right, therefore, the motion to voluntarily dismiss (Doc. 18) is **GRANTED.** The claim against Defendants Niepert and Spiller designated herein as Count 8 was dismissed without prejudice on February 8, 2013 (Doc. 13), and it shall remain so.

**IT IS FURTHER ORDERED** that, due to the pendency of the motion to alter or amend (Doc. 17), Plaintiff's deadline to avoid the imposition of an additional filing fee in Case No. 13-cv-145-GPM by notifying the Court of his intent to voluntarily dismiss this new action is **extended to March 22, 2013.** If Plaintiff fails to notify the Court by that date, he will be assessed a filing fee of $350.00 in the severed case.

The Clerk is **DIRECTED** to file a copy of this Order in both severed cases: *Fields v. Restoff*, Case No. 13-cv-145-GPM, and *Fields v. Roy*, Case No. 13-cv-146-GPM.

**IT IS SO ORDERED.**
DATED:  March 14, 2013


s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge