IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1170-GPM-DGW |
| ) | |
| SGT. WITHOFF and MAJOR DURHAM, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Leave to File Amended Complaint filed by Plaintiff, Michael Fields on May 14, 2013 (Doc. 30) and the Motion to Amend/Correct Scheduling Order filed by Defendants, Major Durham and Sgt. Whithoff, on September 27, 2013 (Doc. 36). For the reasons set forth below, the Motion for Leave to File Amended Complaint is **GRANTED IN PART and DENIED IN PART** and the Motion to Amend Scheduling Order is **GRANTED**.

Plaintiff's original Complaint (Doc. 1) named 14 Defendants and alleged various claims from retaliation to cruel and unusual punishment that occurred from January to May, 2012. Plaintiff alleged that various Defendants harassed him, wrote false disciplinary tickets, denied him food, failed to respond to grievances, and failed to provide medical care or appropriate housing in light of his medical conditions. In a Screening Order issued on February 11, 2013 (Doc. 13), the Court allowed Plaintiff to proceed on three claims:

> Count 1: Retaliation claim against Defendants Withoff and Durham for moving Plaintiff to a cell lacking sufficient ventilation after Plaintiff complained to Defendant Godinez;
>
> Count 2: Eighth Amendment unconstitutional conditions claim against Defendant

> Restoff for depriving Plaintiff of sufficient food for a period of at least six days;
>
> Count 3: First Amendment claim against Defendant Roy for denying Plaintiff access to his books, which may have included religious materials.

The Court then severed Counts 2 and 3 so that only Count 1, a retaliation claim against Defendants Withoff and Durham, would proceed in this lawsuit. Specifically, Plaintiff alleges that after he wrote a letter to Salvadore Godinez (the Director of the IDOC) complaining about conditions in Menard Correctional Center on May 4, 2012, he was moved by Defendant Withoff, on Defendant Durham's orders, to a cell that lacked ventilation on May 16, 2012 (Doc. 1, pp. 13).

Plaintiff sought reconsideration of Judge Murphy's Screening Order on February 22, 2013 (Doc. 17) which was denied on March 14, 2013 (Doc. 19). Plaintiff now seeks to amend his complaint to include claims against Shellie Cartwright (whom he claims increased his classification level to high security prisoner/risk), to assert individual capacity claims against Defendants Withoff and Durham, to assert a "campaign of harassment" or conspiracy claim against various Defendants who have been dismissed. Plaintiff does not re-allege any claim in his Amended Complaint but merely lists a number of paragraphs (1, 14, 15, 56, 58, 60, 77, 78, and the prayer for relief) that he would like to supplement with additional allegations or facts.

Federal Rule of Civil Procedure 15(a) provides that Plaintiff requires leave of court to file an amended pleading and that leave should be freely given when justice so requires. Leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Local Rule 15.1 further provides that Plaintiffs shall provide the proposed pleading to the Court with "[a]ll new material" underlined. Plaintiff has not provided a *complete* amended pleading: he has merely provided various

2

paragraphs that would replace/supplement the same paragraphs in the original Complaint.

With respect to Shelly Cartwright, Plaintiff makes no allegation in his Amended Complaint other than to indicate that she changed his classification and she worked in the same housing unit as other Defendants. There is no "short and plain" statement of the claims against her that would comply with Federal Rule of Civil Procedure 8. Such an amendment, then, is futile. With respect to Defendants Withoff and Durham, Plaintiff already is suing them in their individual capacities. An amendment adding such claims, then, is moot.

Plaintiff also seeks to add a conspiracy claim and a "campaign of harassment" claim against the two remaining Defendants and various Defendants who have been dismissed. As noted in Judge Murphy's Order, Plaintiff did not assert a conspiracy or other related claim in his original Complaint (Doc. 19, p. 2). Judge Murphy has already severed the claims against Defendants Restoff and Roy and indicated that even if Plaintiff had asserted a claim of conspiracy against these Defendants in the original complaint severance was proper. In light of this conclusion, this Court will not permit an amended complaint that would do an end-run around Judge Murphy's previous Order. In any event, these claims are wholly devoid of any facts that would place such a claim above the speculative level. To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. Neither Plaintiff's Complaint nor the Amended Complaint he proposes would make a conspiracy claim more than speculative.

3

Finally, Plaintiff seeks to amend his claim against the remaining two Defendants to include an assertion that the new cell that he was placed in (in retaliation) also created "social and sensory isolation." This additional ground will be allowed. For clarity, the following paragraphs will replace/amend the original Complaint:

> 60. Adopting 31 through 38 claim of cruel and unusual punishment it should be noted that May 16, 2012 marked the first week of the seasonal heat and plaintiff is a documented asthmatic. In addition, plaintiff states that he was placed in cell # 801 for social and sensory isolation purposes.
>
> 77. The actions of Sgt. Terry Withoff and Major Joseph Durham in transferring plaintiff to North II's cell # 801, where plaintiff endured poor ventilation as an asthmatic and psychological torture from social and sensory isolation.
>
> B. Award punitive damages in the following amount:
>
>   1. $20,000 each against defendants Sgt. Terry Withoff and Major Joseph Durham.

Defendants SHALL file an amended Answer addressing these new assertions by **October 24, 2013**. In addition, the Discovery deadline in this matter is extended to **October 31, 2013** for the sole purpose of conducting Plaintiff's deposition. The dispositive motion filing deadline is accordingly extended to **November 29, 2013**.

For the foregoing reasons, the Motion for Leave to File Amended Complaint (Doc. 30) is **GRANTED IN PART and DENIED IN PART** and the Motion to Amend/Correct Scheduling Order (Doc. 36) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: October 10, 2013**

                                    **DONALD G. WILKERSON**
                                    **United States Magistrate Judge**