### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL FIELDS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 3:12-cv-1170-JPG-DGW |
| SGT WITHOFF, et. al., | ) ) ) |
| Defendants. | ) |

### PROTECTIVE ORDER

To facilitate the production and receipt of information in this action, Plaintiff, Defendants and the Illinois Department of Corrections ("Department") (collectively the "Parties" or individually a Party") stipulate and agree, through their respective counsel, to the entry of the following Order pursuant to Federal Rule of Civil Procedure 26(c), for the protection of confidential and sensitive information that may be produced or otherwise disclosed during the course of this action by any party or non-party in this action:

### CONFIDENTIAL DOCUMENTS

1.  Documents to be produced by the Parties in this litigation (the "Disclosing Party"), which contain confidential information, shall hereafter be referred to as "Protected Documents." Such documents shall be further designated as "Subject To Protective Order." Any document or any information designated as a "Protected Document" in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2.  As used in this order, the term "documents" means all written material, photographs, videotapes and all other tangible items, whether produced as hard copy, computer diskette, through electronic format, including via email, CD-ROM or otherwise.

3. The parties anticipate during the course of this litigation that confidential documents and material will be responsive to discovery requests and will be produced. Each confidential document will be marked "Subject To Protective Order" on its face

    a. All documents that have been disclosed before this protective order is filed with the court are not subject to the protective order unless all parties agree in writing.

    b. Photographs of the interior of prison facilities are confidential in nature and, if disclosed, could compromise the safety and security of the particular facility, as well as the prison system as a whole.

    c. Any photographs from the Illinois Department of Corrections and Menard Correctional Center produced to either Party in this cause shall be designated "Subject to Protective Order". In the event the Department of Corrections transmits the photographs electronically by email, the email shall designate the photos are "subject to protective order" and counsel for either party receiving same will mark any subsequently printed copies as "subject to protective order"

4. This Court finds that good cause exists to support the entry of this protective order limiting the disclosure during discovery of confidential materials to the terms of this order.

### ORDER REGARDING PROTECTED DOCUMENTS

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations of paragraph 6 below. Nothing in this Order should be construed to prevent Plaintiff's counsel from reviewing such documents or photographs with

Plaintiff for purposes of trial preparation; however, the photographs or copies shall not be given to the Plaintiff or retained by the Plaintiff.

6. Both the Protected Documents and the information contained therein shall be treated as confidential and shall not be given to or retained by Plaintiff. Except upon the prior written consent of the producing party or upon order of this Court, the Protected Documents or information contained therein and designated "Subject To Protective Order" may be shown, disseminated, or disclosed only to the following Qualified Persons:

    a. Attorneys of record in this case, including other members of attorneys of record's law firms;

    b. Employees of attorneys of record in this case, including paralegals and assistants, who assist in the preparation of trial of this case;

    c. Independent experts and non-lawyer consultants retained by a party for the preparation of trial of this case, provided that any and all such individuals, prior to receiving any such documents or information, execute the nondisclosure agreement attached hereto as Exhibit A and agree that they (i) will not use the documents and information designated "Subject To Protective Order" for any purpose other than for purposes of acting as a consultant in the instant case; and (ii) will not disseminate the documents and information designated "Subject To Protective Order" to any other individual or entity, including, as it relates to Protected Documents produced by Defendant; and

    d. The court, or court's staff, witnesses, and the jury in this case.

7. Before being given access to any of the Protected Documents or the information contained therein, each person described in paragraph 6(c) above to whom a party or a party's

representatives intend to deliver, exhibit or disclose any Protected Documents or materials contained therein, shall be advised of the terms of this protective order, shall be given a copy of this protective order, and shall agree in writing, by executing the nondisclosure agreement attached hereto as Exhibit A, to be bound by its terms.

8. Counsel for each party shall keep a record of all copies of each Protected Document distributed, in whole or in part, to each person listed in paragraph 6(c). Any copies so distributed shall be returned to the attorney who provided them immediately upon completion of that person's consultation or representation in this case.

9. No party or party's counsel shall make any disclosure of the Protected Documents without first having obtained from each proposed recipient of Protected Documents a signed nondisclosure agreement in the form attached hereto as Exhibit A. Attorneys of record will maintain a list of all recipients of Protected Documents to whom this paragraph applies. Counsel for parties shall maintain a list of all persons to whom any Protected Documents or materials contained therein are provided, and the list shall be available for inspection by the Court and any party who has produced Protected Documents. By signing a copy of Exhibit A, each such person agrees to be bound by the terms of this Protective Order, to submit to the jurisdiction of this Court and that the terms of this Protective Order shall remain in effect after resolution of the case.

10. Recipients of Protected Documents are prohibited by this order from providing copies of or disclosing in any manner whatsoever any of the Protected Documents or the contents of such documents to anyone other than counsel of record in this case and other recipients of Protected Documents who have executed the aforementioned agreements in compliance with the provisions of paragraphs 6 and 9.

11. To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall be subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the Protected Document or information. At the time any Protected Document is used in any deposition, the reporter shall be informed of this Protective Order by counsel and shall be required to operate in a manner consistent with the Protective Order. The court reporter shall separately label the confidential portions of the deposition transcript.

12. Any party or member of the public can challenge this Court's designation of any Protected Document or the information contained therein subject to this order by submitting such a challenge to the court in a motion with proof of service to all counsel. All Protected Documents challenged shall, until further Order of the Court, continue to be treated as confidential in accordance with the provisions of this Protective Order until such time as the court rules on the party or member of the public's challenge. Any Protected Document so challenged shall not be filed with the court unless this Court requests. In that event, the challenged Protected Documents shall be submitted for an in-camera inspection by the Court and shall remain subject to the terms of this Order unless and until this Court rules that the Protected Document are not entitled to such status.

13. Upon final termination of this litigation not subject to further appeal, each Disclosing Party shall return all documents or other confidential materials previously furnished to any other party hereunder, including any copies thereof, and each person or party to whom such documents or other confidential materials have been furnished or produced shall be obligated to return the same, including any copies, excerpts or notations thereof, or to dispose of the same and of any other materials containing confidential information in a manner agreeable to

all parties. Within sixty (60) days of final termination of this litigation, counsel for all Parties shall certify in writing either that: (a) all confidential materials have been returned to the Disclosing Party as requested; or (b) that they have been destroyed; provided, however, that outside counsel for the Parties may retain confidential pleadings, court papers, and written discovery for their files.

## **GENERAL PROVISIONS**

14. After termination of this case, the provisions of this Order shall continue to be binding, except with respect to those Protected Documents, which the Court determines, the public or others have a right of access. This Court retains and shall have jurisdiction over the parties, their attorneys, including the plaintiff, plaintiff's counsel and all recipients of Protected Documents for enforcement of the provisions of this order following termination of this case.

15. This order shall be binding upon the parties in the above-styled cause, the attorneys for each party and upon any recipient of Protected Documents and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiary, division, employee, agent, independent contractor, or other legal entity over which any party or attorney or recipient of protected documents may have control.

16. This Order shall not preclude the parties, counsel for the parties or the recipients of Protected Documents from exercising any rights or raising any objections otherwise available to them.

17. No provision of this order is intended to limit the right of any party, counsel for any party or any recipient of Protected Documents from seeking to modify the terms of this Order at any time in the future or from seeking relief from the restrictions imposed by this order concerning particular Protected Documents.

18.     No provision of this Order is intended to restrict the scope of discovery in an action before another court involving any party to this action or from seeking the discovery of information contained in the Protected Documents subject to this order.

19.     In the event that any recipient of a Protected Document (1) is served with a subpoena, request, or other legal process in this or any other action; or (2) is served with a request or demand or any other legal process by a governmental agency concerning Protected Documents subject to this Order, that person shall object on the basis of this Order to producing or responding to any such request, demand, subpoena, or other legal process.

20.     Nothing herein shall be construed as requiring the plaintiff, plaintiff's counsel or the recipient of Protected Documents to challenge or appeal or to seek relief from any order requiring the production or other response concerning Protected Documents, or to subject her or himself to any penalties for noncompliance with any request, demand, subpoena, legal process or order requiring the production of other response concerning Protected Documents other than as stated above.

**IT IS SO ORDERED.**

**DATED: March 25, 2014**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**

EXHIBIT "A"

**DECLARATION AND AGREEMENT**

I, _____ , declare under penalty of perjury pursuant to the laws of the United States of America as follows:

1. I am employed by _____ in the capacity of _____ .

2. I have read the Protective Order (the "Order") entered in the case of Michael Fields, vs. SGT Withoff, et al., number SDIL 12-cv-1170 .

3. I agree to be bound by the Order, and I agree not to disclose information protected by the Order to any person not authorized to receive it.

4. I consent to the jurisdiction of the United States District Court for the Southern District of Illinois for enforcement of the Order and this Declaration and waive any and all objections to jurisdiction and venue.

5. I understand that I may be subject to contempt or other sanctions for the failure to obey the Order.

Date:

By: _____

Signature:

Printed Name: