IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-1170-NJR-DGW |
| | ) | |
| JERRY WITHOFF and JOSEPH DURHAM, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Second Motion to Compel and for Sanctions filed by Plaintiff, Michael Fields, on January 28, 2015 (Doc. 74) and the Motion to Clarify filed by Defendants, Joseph Durham and Jerry Witthoft, on February 18, 2015 (Doc. 80). For the reasons set forth below, the Motion to Compel and for Sanctions is **MOOT** and the Motion to Clarify is **MOOT**.

**BACKGROUND**

The only claim pending in this lawsuit is:

> Count 1: Retaliation claim against Defendants Withoff and Durham for moving Plaintiff to a cell lacking sufficient ventilation after Plaintiff complained to Defendant Godinez.

The events giving rise to this claim occurred in May, 2012, when Plaintiff was moved to North II Cell 801 about 12 days after he wrote to S. A. Godinez (the Director of the Illinois Department of Corrections) about various disciplinary infractions he was charged with and changes in his classification level. Plaintiff claims that the new cell had a steel door and was not properly ventilated, thus aggravating his asthma.

After the original deadlines for discovery and dispositive motions expired, counsel was

recruited for Plaintiff. During a subsequent telephonic conference, Defendants did not object to additional discovery that Plaintiff believed was necessary to prepare for trial (Doc. 51). Accordingly, the discovery deadline was extended to April 14, 2014 (for the sole purpose of allowing Plaintiff to conduct discovery). On March 10, 2014, Plaintiff filed a Motion to Compel stating that Defendants have failed to timely respond the written discovery and that the scheduling of depositions was stalled due to Defendants' lack of communication (Doc. 52). On March 24, 2014, this Court entered the following minute entry regarding a March 12, 2014 conference:

> Minute Entry for proceedings held before Magistrate Judge Donald G. Wilkerson: Telephonic Discovery Dispute Conference held on 3/12/2014. Attorneys Soriano and Sanchez for Plaintiff and attorney Gillespie for Defendant. ORDER GRANTING 52 MOTION to Compel *Discovery and Extension of Discovery Deadline* filed by Michael Fields, Discovery deadline RESET to 8/14/2014, Dispositive Motions deadline RESET to 9/12/2014, Jury Trial RESET for 2/9/2015 at 9:00 AM in Benton Courthouse before Judge J. Phil Gilbert. Defendant to respond to outstanding discovery, outlined in motion, by 3/24/14. (Court Reporter n/a.) (sgp)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/24/2014) (Doc. 55).

On the deadline, Defendants represented that they "provided answers to interrogatories and most of the responsive documents today, but I am still awaiting documents" (Doc. 57). Accordingly, this Court granted Defendants until March 31, 2014 to "supplement discovery responses" (Doc. 60). Thereafter, the discovery deadline was extended to November 27, 2014 in response to a consent motion (Doc. 66) and finally to March 9, 2015 in response to a second consent motion (Doc. 72).

In the Motion to Compel and for Sanctions, Plaintiff indicates that he served discovery requests upon Defendants on January 17, 2014 and January 22, 2014, respectively. Defendants failed to respond within the 30 day limit provided by the Federal Rules. When Defendants did respond, on March 31, 2014 (after this Court's Order and the first Motion to Compel), the responses contained objections, and were, according to Plaintiff, unresponsive in a number of

respects.  Plaintiffs represent that, in an effort to cooperate and be patient, he agreed to extend the response deadline for the deficient discovery responses to September 28, 2014.  Plaintiff then represents that "[u]pon the passage of Defendants' new deadline with absolutely no response from Defendants, Plaintiff drafted a motion to compel . . . ." (Doc. 74, p. 10).  However, Defendants then changed counsel and Plaintiff contacted Defendants' new counsel regarding the deficient discovery responses.  Plaintiff again granted additional time to respond fully to the discovery response, hence the second consent motion which sought to extend the discovery deadline to March 24, 2015.  On January 6, 2015, Defendants served supplementary responses which Plaintiff characterizes as "inadequate, improper, evasive and incomplete responses" (*Id.* 74).  Defendants reply that they have provided all documentation that is available that is responsive to Plaintiff's discovery requests.

This matter was set for a hearing on May 7, 2015 in which Plaintiff and Defendants appeared by counsel.  At the hearing, Plaintiff discussed the responses to Requests to Produce 6, 7, 9, 14, and 15.  These requests concern the policies related to intra-prison transfers and documents related to Plaintiff, in particular, and the reasons for his transfer.  At the hearing, Defendants represented that they have given to Plaintiff every document they have found that would be responsive to Plaintiff's discovery requests.  Defendants also indicated that they will cooperate in the deposition of two persons, an inmate named Mahone, and Bret Meyerhoff, a placement officer within the IDOC and Defendants Rule 30(b)(6) designee for issues related to placement.

Notwithstanding Defendants concessions at the May 8, 2015, the Court observes that if they had communicated with Plaintiff more effectively, much of this discovery dispute would have been obviated.  Also, if they had simply indicated that they had produced all documents available

to them that would be responsive to Plaintiff's reasonable discovery requests, much frustration and inordinate delay would have been avoided.

    In light of the hearing the following is hereby **ORDERED**:

    1.  Plaintiff is granted leave to serve a supplementary interrogatory directed to defendants that would establish that all documents responsive to discovery requests have been served.   Supplemental interrogatory shall be served within 3 days of the date of this Order; response to be served within 7 days of service.

    2.  Defendants to produce a binder (containing transfer/placement policy and procedure) maintained by the Placement Office as indicated at the hearing.   The binder shall be produced within 7 days of the date of this Order.

    3.  Defendants to produce inmate Mahone (Plaintiff's former cellmate) and Placement Officer Bret Meyerhoff for deposition.   Defendants to also produce a Rule 30(b)(6) deponent who could testify as to placement/transfer procedures and policies (which may also be Mr. Meyerhoff).   Depositions to be completed within 30 days of the date of this Order.   The Court expects the parties to cooperate in scheduling.

    4.  Plaintiff to file a brief, no longer than 10 pages by May 15, 2015 related to the necessity of experts in this case.   Defendants to file a response, no longer than 10 pages, by May 22, 2015.

As indicated at the hearing, the trial date of September 23, 2015 will not be extended.

**IT IS SO ORDERED.**

**DATED: May 13, 2015**

                              **DONALD G. WILKERSON**
                              **United States Magistrate Judge**