IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-1170-DGW |
| | ) | |
| JERRY WITHOFF and JOSEPH DURHAM, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Exclude Testimony and Evidence filed by Plaintiff, Michael Fields, on April 13, 2016 (Doc. 130). For the reasons set forth below, the Motion is **DENIED**.

This matter is set for trial on May 9, 2016. Federal Rule of Civil Procedure 26(a)(3) provides that 30 days prior to trial, the parties must file certain information about the evidence they will seek to present at trial including witnesses, deposition designations, and exhibits. Rule 37(a)(3)(A) states that if these disclosures are not timely made, the opposing party may file a motion to compel and for sanctions. Rule 37(c) goes on to provide that if such disclosures are not made, the information or witnesses may not be used by the offending party at trial unless the failure to disclose was "substantially justified or is harmless." After allowing the offending party an opportunity to be heard, the Court may also impose other sanctions, including attorney fees, a negative jury instruction, and other sanctions listed in Rule 37(b)(2)(A)(i)-(vi). *Id*. at 37(c)(1)(A)-(C).

Plaintiff filed his Rule 26(a)(3) disclosures in a timely manner (Doc. 129). Defendants, however, did not file their disclosures. The Court finds that the failure to file Rule 26(a)(3)

disclosures is harmless.

This is a simple matter: Plaintiff claims that he was retaliated against by two correctional officers after the submitted grievances or complaints about the conditions of his confinement over the course of a few months in 2012. The witnesses are limited to the parties and a few other employees of the Illinois Department of Corrections, with whom Plaintiff is familiar. The exhibits also are materials that have been disclosed in this matter through the discovery process. To the extent that there is any dispute as to witnesses who may provide deposition testimony at trial, such issues can be readily resolved prior to trial. While Plaintiff is technically correct in indicating that such disclosures are mandatory, it has been the practice of this Court to not require these disclosures in 42 U.S.C. §1983 cases because of limited nature of these lawsuits. Such cases are exempt from initial disclosures and discovery, *See* Rule 26(a)(1)(B) and Local Rule 26.1, and are not the type of cases that involve lengthy witness lists, involved and disputed exhibit lists, or much deposition testimony. While this matter may be been delayed through the discovery process, and there are some issues that require resolution, there is no prejudice or surprise to Plaintiff that would warrant sanctions.

For the foregoing reasons, Plaintiff's Motion to Exclude Testimony and Evidence is **DENIED** (Doc. 130). Any issues involving witnesses, exhibits, and testimony will be discussed at the Final Pretrial Conference.

**IT IS SO ORDERED.**

**DATED: April 29, 2016**

                        **DONALD G. WILKERSON**
                        **United States Magistrate Judge**