IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1170-DGW |
| ) | |
| JERRY WITHOFF and JOSEPH DURHAM, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motions for a New Trial filed by Plaintiff, Michael Fields, on June 6 and June 13, 2016 (Docs. 152 and 156).[1]  For the reasons set forth below, the Motions are **DENIED.**

**BACKGROUND**

Plaintiff, Michael Fields, filed this action on November 13, 2012 alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1).  By an Order entered on February 11, 2013 (Doc. 13), Plaintiff proceeded on one count of retaliation against Defendants Jerry Withoff and Joseph Durham.  Plaintiff claimed that he was moved to a steel-door cell, which provided little ventilation and exacerbated his asthma, in retaliation for complaining about the conditions of his confinement.  Defendants disputed the claim and this matter eventually was tried before a jury on May 9, 2016.  Prior to trial, the parties stipulated that Plaintiff grieved about prison conditions and was moved to a steel-door cell (from an open-bar cell) on May 16, 2012 and remained there until May 31, 2012 (Doc. 141).  The parties also stipulated that while a log book is normally kept for such cell transfers, the log book for May 16, 2012 was missing.  At trial,

---

[1] Both motions are identical except that the later motion contains three pages of exhibits that are not apparently related to the motion.

Plaintiff sought both compensatory and punitive damages but only the claim for compensatory damages reached the jury (Doc. 146). After hearing Plaintiff, Defendants, Brett Meyerhoff (and IDOC employee), and Edward Maholmes (Plaintiff's cellmate) testify, a jury returned a verdict in favor of Defendants and against Plaintiff (Doc. 149). Plaintiff now seeks a new trial.

## DISCUSSION

Plaintiff states that he is seeking relief pursuant to Federal Rule of Civil Procedure 50(b) which provides that: "No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." In turn, he then seeks a new trial without specifically invoking Rule 59. The Court will consider the motion as if it was filed pursuant to both Rule 50(b) and Rule 59(a). In considering a Rule 50(b) motion, the Court must "construe the trial evidence strictly in favor of the party who prevailed before the jury" and determine "whether a reasonable jury would have a legally sufficient evidentiary basis to find for the party on that issue." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 822 (7th Cir. 2016) (citations omitted). "'Because the Rule 50(b) motion is only a renewal of a preverdict motion, it can be granted only on grounds advanced in the preverdict motion.'" *Wallace v McGlothan*, 606 F.3d 410, 418 (7th Cir. 2010).[2] Pursuant to Rule 59(a) "[a] new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014). The decision to grant a new trial pursuant to Rule 59(a) is committed to the Court's discretion. *Johnson v. Gen. Bd. Of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 730 (7th Cir. 2013).

Plaintiff makes four arguments: (1) that there was sufficient evidence to support a claim of

---

[2] After Plaintiff rested, he submitted, both orally and in writing, a Rule 50(a) motion (Docs. 145, 143). After Defendants rested, Plaintiff renewed his motion, again orally and in writing (Docs. 144, 146). Plaintiff now has filed this third motion pursuant to Rule 50.

retaliation; (2) that the Court should have admitted Defendants' deposition testimony into evidence; (3) that Plaintiff should have been allowed to introduce expert testimony; and (4) that jury instructions 20 and 21 were prejudicial. At the close of Plaintiff's evidence, he reasserted his objection as to the denial of expert testimony (3) in addition to the claim that the evidence supports a finding in his favor (1). This second argument was also made by written motion for judgment pursuant to Rule 50(a) (Doc. 143). In Plaintiff's renewed motion for judgment, Plaintiff only argued that he presented sufficient evidence to support a "prima facie" claim of retaliation (Doc. 144).

Plaintiff's sufficiency argument is based on the premise that because Defendants could not explain why they moved him, they must have moved him in retaliation for filing grievances. This argument, while sufficient to withstand a motion for summary judgment, obfuscates Plaintiff's initial burden of showing that he was moved in whole or in part because he complained about the conditions of his confinement. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). At trial, there was no evidence of why Plaintiff was moved, much less any evidence that Plaintiff was moved, in whole or in part, because he had filed a grievance or complained about the conditions of his incarceration. There also was no evidence that Defendants were aware of Plaintiff's complaints or that those complaints motivated Plaintiff's move to a steel-doored cell. In reviewing a party's motion, the court must construe "the evidence strictly in favor of the party who prevailed before the jury and examines evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012) (*citing Tart v. Illinois Power Co.*, 366 F.3d 461, 464 (7th Cir. 2004)). The court will also not make credibility determinations or weigh the evidence. *Id.* (*citing Waite v. Board of Trustees of Illinois Comm. College Dist. No. 508*, 408 F.3d 339, 343 (7th Cir. 2005)).

In this matter, Plaintiff failed to meet his burden of showing that Defendants were motivated to move him because he had submitted a complaint.  As such, the jury had no reason to consider whether Defendants met their burden of showing that he would have been moved regardless of a retaliatory intent.  *See Mays v. Springborn*, 719 F.3d 631, 634-635 (7th Cir. 2013).  The Seventh Circuit has stated that "overturning a jury verdict is not something [the court] do[es] lightly," *Massey v. Blue Cross–Blue Shield of Ill.,* 226 F.3d 922, 925 (7th Cir. 2000), and it will only do so if the moving party can show that no rational jury could have brought in a verdict against it.  *Hossack v. Floor Covering Associates of Joliet, Inc.,* 492 F.3d 853, 859 (7th Cir. 2007).  A jury reasonably concluded that Plaintiff did not meet his burden at trial and there was sufficient evidence, or rather lack of evidence, to support the jury's verdict.[3]  Plaintiff's is not entitled to Rule 50 or Rule 59(a) relief on any of his claims for relief.

Plaintiff's remaining arguments do not concern the sufficiency of the evidence but rather various evidentiary rulings and determinations.  Plaintiff's second argument is related to Defendant Durham's and Withoff's testimony that they do not move inmates to different cells in order to retaliate against them.  At trial, Plaintiff sought to impeach these statements with deposition testimony and discovery responses that grievances had been filed against them, that they had been disciplined, and that lawsuits had been filed against them as to other occurrences and inmates.[4]  This Court found that this evidence was more prejudicial than probative and did not

---

[3] Plaintiff makes much of the missing log books which he equates to a "smoking gun."  There was no evidence that either Defendant was responsible for the missing log books – that is, there was no evidence of spoliation.  And, the Court read stipulations to the jury which included, as fact, that logbooks regarding cell movements are kept and that the specific log book which would contain Plaintiff's movement on May 16, 2013 was missing.  Thus, there was no evidence that Defendants were responsible for the missing log books and a jury would have been justified in not making an adverse inference.  *See Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002).

[4] Plaintiff does not specifically refer the Court to any rejected evidence, and specific portions of deposition testimony, any specific discovery responses, or any motion in limine related to these

allow such evidence to be presented to the jury through impeachment or otherwise. Plaintiff further argues that jury instructions 20 and 21 (which set forth the standard for retaliation claims) were unfairly prejudicial. Finally, Plaintiff claims that the Court erred in denying him the opportunity to present expert testimony. These arguments, however, are better addressed in the context of Rule 59(e), which Plaintiff does not invoke. While these arguments would not warrant either Rule 50 or Rule 59(a) relief, out of an abundance of caution and in light of Plaintiff's *pro se* status, they will be addressed as if made pursuant to Rule 59(e).

A court can alter or amend a jury verdict under Rule 59(e) in order to correct a "manifest error of law or fact." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). Plaintiff states that the Court erred in not allowing deposition testimony or other information into evidence that could have been used to impeach Defendants' testimony. At trial, this Court found that the evidence was not admissible pursuant to Federal Rule of Evidence 403 and 404(b)(1). The Court's evidentiary rulings are reviewed for an abuse of discretion. *Davies v. Benbenek*, 836 F.3d 887, 889 (7th Cir. 2016). Plaintiff has not indicated how the prejudicial effect of such evidence should not outweigh the probative value of the evidence, even if the evidence would function to impeach testimony. In any event, Plaintiff has not referred the Court to any portions of Defendants' depositions or any other discovery material that would be relevant to these proceedings.

Plaintiff next argues that the Court should have permitted expert testimony about prison conditions and medical causation. On September 2, 2015, this Court considered Plaintiff's request for expert testimony and adopts that Order herein (Doc. 103). No expert was required to provide any testimony – an expert would not be necessary to provide evidence related to retaliation. In addition, there was no dispute about Plaintiff's medical condition. The Court

---

prior acts of Defendants.

Case 3:12-cv-01170-DGW Document 164 Filed 03/30/17 Page 6 of 6 Page ID #1310

notes that Plaintiff, himself, provided little testimony about his medical condition and his medical records were not admitted into evidence. An expert would not have provided any relevant evidence in this matter.

Finally, as to jury instructions 20 and 21, the Court notes that Plaintiff did not object to the instructions on the record. As such, any argument related to these instructions has been waived. *See e.g. Chestnut v. Hall*, 284 F.3d 816, 819 (7th Cir. 2002). In any event, both instruction 20 and 21 set forth the relevant facts in this case and are consistent with the Seventh Circuit's Pattern Jury Instructions 6.01 and 6.02. *See Mays*, 719 F.3d at 634-635.

## CONCLUSION

For these reasons, the Motions for a New Trial filed by Plaintiff, Michael Fields, on June 6 and June 13, 2016 (Docs. 152 and 156) are **DENIED**. In addition, Plaintiff's motions for status are **MOOT** (Docs. 162 and 163).

**DATED: March 30, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**